**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
E-Mail: ltfisher@bursor.com
　　　　 jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: 305-330-5512
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SACCO, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BLIZZARD ENTERTAINMENT, INC. and MOUSEFLOW, INC.<br><br>　　　　　　　Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Brian Sacco ("Plaintiff"), individually and on behalf of himself and all others similarly situated, by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself, which are based on personal knowledge.

**NATURE OF THE ACTION**

1. This is a class action suit brought against Defendants Blizzard Entertainment, Inc. ("Blizzard") and Mouseflow, Inc. ("Mouseflow") (collectively, "Defendants") for wiretapping the electronic communications of visitors to the website worldofwarcraft.com. The wiretap, which is embedded in the JavaScript code of worldofwarcraft.com, is used by Defendants to secretly observe and record website visitors' keystrokes, mouse clicks,[1] and other electronic communications, including the entry of Personally Identifiable Information ("PII") in real time. By doing so, Defendants have violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631.

2. Plaintiff brings this action on behalf of himself and a class of all people in California whose electronic communications were intercepted through the use of Defendants' wiretap on worldofwarcraft.com.

**THE PARTIES**

3. Plaintiff Brian Sacco is a California resident who lives in Roseville, California and is domiciled in California. He has visited worldofwarcraft.com 2-3 times in approximately March and April of 2020. He was in California at the time. While visiting worldofwarcraft.com, Plaintiff was unaware that his keystrokes, mouse clicks, and other electronic communications, including the information described above, were being intercepted in real-time and disclosed to Mouseflow, nor did Plaintiff consent to the same.

4. Defendant Blizzard is a California corporation with its headquarters in Irvine, California. Blizzard owns and operates the website worldofwarcraft.com. Blizzard does business throughout California.

---

[1] As used herein, the term "mouse clicks" also refers to "touch gestures" such as the "tap," "swipe," and similar gestures used on touchscreen devices.

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                                                                                      1

5. Defendant Mouseflow, Inc. is a Texas corporation with its headquarters in Austin, Texas. Mouseflow does business throughout California.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of state different from at least one Defendant.

7. This Court has personal jurisdiction over Defendants because each of the Defendants have purposefully availed themselves of the laws and benefits of doing business in this State, and Plaintiff's claims arise out of each of the Defendants' forum-related activities. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

8. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.

## STATEMENT OF FACTS

9. Mouseflow is a tool that surreptitiously records, in real time, a website visitor's interactions on a website. As explained in its brochure, Mouseflow's "Session Replay" recordings include a user's keystrokes, mouse clicks, mouse movements, scrolls and other interactions with the website.

**SESSION REPLAY**

Mouseflow tracks clicks, mouse movement, scrolls, forms, and more. It shows a recording of the activity from each visitor on your site - just like CCTV. You can filter to find user sessions that reveal frustration, glitches and errors, or lost customers.

**SESSION REPLAY**

This is a recording of a user's activity on the website. It's like CCTV, but better. The session includes all page-views, clicks, scrolls, page interactions, and typing. You can rewind, fast forward, adjust the speed, add comments or notes, and download or share it. You can even setup alerts and collaborate with team members.

10. Mouseflow also tracks other information about users, including their device, location and "much more."

**COMPLETE VISITOR DETAILS**

Mouseflow provides details for each visitor on your website: full activity, location, device type, referral source, duration of the session, browser/operating system, and much more.

11. Mouseflow's "Session Replay" videos are sent to its own servers where its clients can access the videos through the Mouseflow platform.

12. In short, Mouseflow functions as a wiretap, and Mouseflow is a self-admitted eavesdropper who uses those wiretaps.

13. Mouseflow's business model involves entering into voluntary partnerships with various companies and providing its software to those partners.

14. Mouseflow has stated that it works with more than 165,000 clients.

15. One of Mouseflow's clients is Defendant Blizzard, which has Mouseflow's JavaScript installed on its website worldofwarcraft.com.

16. Pursuant to an agreement with Mouseflow, Blizzard voluntarily embedded the Mouseflow JavaScript code on worldofwarcraft.com.

17. Mouseflow secretly records visitors to worldofwarcraft.com in real time, including their keystrokes, mouse clicks, mouse movements, scrolls and other interactions with the website.

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                                                   3

18. Mouseflow transfers those videos to its server hosting the Mouseflow platform.

19. During Plaintiff's visit to worldofwarcraft.com, Mouseflow's software would have captured Plaintiff's keystrokes and mouse clicks on the website and operated in a manner consistent with the descriptions above.

## CLASS ACTION ALLEGATIONS

20. Plaintiff seeks to represent a class of all California residents who visited worldofwarcraft.com and whose electronic communications were intercepted or recorded by Mouseflow. Plaintiff reserves the right to modify the class definition as appropriate based on further investigation and discovery obtained in the case.

21. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants.

22. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendants have violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631 and invaded Plaintiff's privacy rights in violation of the California Constitution; and whether class members are entitled to actual and/or statutory damages for the aforementioned violations.

23. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other class members, visited worldofwarcraft.com and had his electronic communications intercepted and disclosed to Mouseflow through the use of Mouseflow's wiretaps.

24. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

25. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

26. Plaintiff brings all claims in this action individually and on behalf of members of the Class against Defendants.

### COUNT I
### Violation Of The California Invasion Of Privacy Act, Cal. Penal Code § 631

27. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

28. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

29. To establish liability under section 631(a), a plaintiff need only establish that the defendant, "by means of any machine, instrument, contrivance, or in any other manner," does any of the following:

> Intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system,
>
> *Or*

> Willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state,
>
> *Or*
>
> Uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,
>
> *Or*
>
> Aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

30. Section 631(a) is not limited to phone lines, but also applies to "new technologies" such as computers, the Internet, and email. *See Matera v. Google Inc.*, 2016 WL 8200619, at *21 (N.D. Cal. Aug. 12, 2016) (CIPA applies to "new technologies" and must be construed broadly to effectuate its remedial purpose of protecting privacy); *Bradley v. Google, Inc.*, 2006 WL 3798134, at *5-6 (N.D. Cal. Dec. 22, 2006) (CIPA governs "electronic communications"); *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. Apr. 9, 2020) (reversing dismissal of CIPA and common law privacy claims based on Facebook's collection of consumers' Internet browsing history).

31. The Mouseflow software is a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct at issue here.

32. At all relevant times, by using Mouseflow's technology, Defendants intentionally tapped, electrically or otherwise, the lines of internet communication between Plaintiff and class members on the one hand, and worldofwarcraft.com on the other hand.

33. At all relevant times, by using Mouseflow's technology, Defendants willfully and without the consent of all parties to the communication, or in any unauthorized manner, read or attempted to read or learn the contents or meaning of electronic communications of Plaintiff and putative class members, while the electronic communications were in transit or passing over any wire, line or cable or were being sent from or received at any place within California.

34. Defendants aided, agreed with, and conspired with each other to implement Mouseflow's technology and to accomplish the wrongful conduct at issue here. In addition, worldofwarcraft.com employed Mouseflow to accomplish the wrongful conduct at issue here.

35. Plaintiff and Class Members did not consent to any of Defendants' actions in implementing the wiretaps. Plaintiff and Class Members did not consent to Mouseflow's access, interception, reading, learning, recording, and collection of Plaintiff and Class Members' electronic communications.

36. The violation of section 631(a) constitutes an invasion of privacy sufficient to confer Article III standing.

37. Plaintiff and Class Members seek all relief available under Cal. Penal Code § 637.2, including injunctive relief and statutory damages of $5,000 per violation.

### COUNT II
### Violation Of The California Invasion Of Privacy Act, Cal. Penal Code § 635

38. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

39. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

40. California Penal Code § 635 provides, in pertinent part:

> Every person who manufactures, assembles, sells, offers for sale, advertises for sale, possesses, transports, imports, or furnishes to another any device which is primarily or exclusively designed or intended for eavesdropping upon the communication of another, or any device which is primarily or exclusively designed or intended for the unauthorized interception or reception of communications between cellular radio telephones or between a cellular radio telephone and a landline telephone in violation of Section 632.5, or communications between cordless telephones or between a cordless telephone and a landline telephone in violation of Section 632.6 , shall be punished by a fine not exceeding two thousand five hundred dollars ….

41. At all relevant times, by implementing Mouseflow's wiretaps on worldofwarcraft.com, each Defendant intentionally manufactured, assembled, sold, offered for sale,

advertised for sale, possessed, transported, imported, and/or furnished a wiretap device that is primarily or exclusively designed or intended for eavesdropping upon the communication of another.

42. Mouseflow's code is a "device" that is "primarily or exclusively designed" for eavesdropping. That is, the Mouseflow's code is designed to gather PII, including keystrokes, mouse clicks, and other electronic communications.

43. Plaintiff and Class Members did not consent to any of Defendants' actions in implementing Mouseflow's wiretaps on worldofwarcraft.com.

44. Pursuant to Cal. Penal Code § 637.2, Plaintiff and Class Members have been injured by the violations of Cal. Penal Code § 635, and each seek damages for the greater of $5,000 or three times the amount of actual damages, as well as injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

    a. For an order certifying the Class under Rule 23 and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

    b. For an order declaring that the Defendants' conduct violates the statutes referenced herein;

    c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

    d. For statutory damages in amounts to be determined by the Court and/or jury;

    e. For prejudgment interest on all amounts awarded;

    f. For injunctive relief as pleaded or as the Court may deem proper; and

    g. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues so triable.

Dated: November 20, 2020

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  /s/ *Joel D. Smith*
       Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
       jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: 305-330-5512
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*